UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 95-15-DCR-1
CIVIL ACTION NO. 16-159-DCR

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

WILLIAM CLAY                                                                DEFENDANT

## REPORT AND RECOMMENDATION

Pending is defendant's motion for postconviction relief under 28 U.S.C. §2255. Doc. 420.[1] In his terse motion, defendant alleges that counsel failed to comply with defendant's request to file an appeal following the March 2016 final supervised release revocation hearing. Because the transcript of the final hearing on supervised release was not then in the record, and out of an abundance of caution, the Court required the United States to respond. Doc. 424. The United States timely filed its response. Doc. 430. Despite being given an extension of time to do so, defendant has not filed timely a proper reply.[2] Additionally, the transcripts of the

---

1 On September 19, 2016 the Sixth Circuit issued an order permitting defendant to file a second or subsequent §2255 motion, though the court ordered this Court to hold that §2255 motion in abeyance pending resolution by the Supreme Court of *Beckles v. United States*, 136 S. Ct. 2510 (2016) (Mem.). Doc. 434. The recently authorized §2255 motion, which has been docketed as docket entry 435, essentially involves a determination of whether defendant was properly classified as a career offender at the time of his original sentencing. This report and recommendation involves only an issue of an alleged failure to appeal from revocation of supervised release and, consequently, does not pertain to the later-filed §2255 motion (doc. 435).
2 On September 2, 2016 defendant filed a one page document styled a reply which urged the Court to grant the §2255 motion because the United States had not filed a response. Doc. 431. Because it appeared that defendant had not been sent a copy of the United States' response, the Court issued an order that same date (September 2) ordering the Clerk of Court to provide defendant with a copy of the United States' response and affording defendant until September 19, 2016 to file a proper reply. Doc. 432. The September 2 order stressed that "[t]he Court will conclude that defendant has elected to not file a revised reply if the Clerk of Court does not receive a reply by

relevant proceedings are now in the record. Docs. 428, 429. The matter thus is ripe for adjudication. After considering the record and applicable, law, the Court concludes that defendant's §2255 motion should be denied.

**I. Relevant Factual and Procedural History**

This case has a lengthy procedural history, much of which is irrelevant to the pending §2255 motion. In July 2015, the United States probation office requested a petition for warrant or summons for defendant due to multiple allegations, including that defendant had violated his supervised release conditions by committing another offense and failing to abstain from using controlled substances. Doc. 393. In August 2015, defendant stipulated to two of the alleged violations but did not stipulate to three others. Doc. 399. In March 2016, the presiding district judge held a final hearing on the three unstipulated alleged violations and then held that defendant had committed two of the three violations (the other violation was dismissed). Doc. 412. The Court revoked defendant's supervised release and sentenced him to sixty months' incarceration. Doc. 415.

In May 2016, defendant filed the pending §2255 motion. Doc. 420. The §2255 motion is extremely terse, with the only discernible allegation being that counsel was ineffective for not filing an appeal of the supervised release revocation judgment. Specifically, the only substantive issue in the motion is a single sentence alleging that "[t]he petitioner avows that he did in fact in open court request his attorney file a Notice of Appeal, and the residing [sic] judge did in fact take judicial Notice of said request." *Id.* at p. 1. In response, the United States argues that the

```
September 19." Id.  Defendant did not submit a reply to the Clerk of Court
by that deadline (nor has he done so as of the issuance of this report and
recommendation).
```

2

transcripts of the supervised release violation hearings do not support defendant's contention that he requested an appeal.[3] The Court agrees with the United States.

**II. Analysis**

A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To be cognizable under §2255, an alleged constitutional error must be of such magnitude as to have "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "Conclusory statements are insufficient to warrant relief under Section 2255." *Combs v. United States*, 2009 WL 943526, at *3 (M.D. Tenn. April 6, 2009). In addition, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In order to demonstrate ineffective assistance of counsel, a petitioner must make two

---

3 Some courts have held that there is no constitutional right to counsel in similar revocation proceedings and, accordingly, there cannot be a constitutional deprivation of the right to effective counsel in such proceedings. *See, e.g., Bullin v. United States*, 2015 WL 3407900, at*5 (W.D.N.C. May 27, 2015)("Other courts have recognized that there is no constitutional right to counsel in a probation violation hearing. . . . Under these circumstances, Petitioner's Sixth Amendment claims of ineffective assistance of counsel fail because he has not shown that he had a constitutional right to counsel during his revocation proceedings or on appeal from those proceedings. Without a constitutional right to counsel, he cannot show that he was unconstitutionally deprived of the right to effective assistance of counsel.") However, the United States has not raised that argument in this case.

In addition, the §2255 motion was filed much more than one year after defendant's initial conviction became final. However, the motion was filed within one year after the supervised release violation proceedings concluded. The United States has not raised any timeliness arguments.

showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S.668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004).

Defendant's argument that he requested an appeal on the record--and the Court acknowledged that request—is contrary to the record. Unsurprisingly, the transcript of the August 2015 hearing does not contain any discussion of defendant's appellate rights, presumably because there were additional alleged violations yet to be resolved. *See* Doc. 428. Defendant's appellate rights were discussed at length toward the conclusion of the March 2016 revocation hearing, the transcript of which provides:

> THE COURT: All right. Thank you.
> Madam Clerk, if you could please advise the defendant of his rights of appeal.
> THE CLERK: Yes, Your Honor.
> You're notified by this Court that you have a right to appeal your case to the Sixth Circuit Court of Appeals, which on proper appeal will review the revocation proceedings and your sentence and determine whether there has been an error of law.
> If you're unable to pay for the cost of the appeal, you have the right to apply for leave to appeal in forma pauperis, which means you may appeal without paying for it.
> If you are without the services of an attorney and desire to appeal, upon request, the clerk of the Court shall prepare and file forthwith a notice of appeal on your behalf.
> This notice of appeal must be filed within 14 calendar days from the date of entry of the written judgment.
> If you do not have sufficient funds to employ counsel for appeal proceedings, upon proper application to the United States Court of Appeals for

4

> the Sixth Circuit an attorney will be appointed to prosecute the appeal for you.
> THE COURT: Thank you.
> Mr. Clay, you're being handed what was just read. Please take a moment, review your rights of appeal with your attorney.
> After you've assured yourself you understand those rights, if you could sign the original document. There is one copy that you can keep for your records.
> (Whereupon, the defendant, William Henry Clay, signs the form.)
> THE COURT: All right. Let me see if there are any other issues that need to be taken up.
> Mr. Wright [defendant's counsel], did I adequately address your questions just a moment ago?
> MR. WRIGHT: Yes, you did, and I'm assuming the Department of Corrections will –
> THE COURT: Oh, the calculation. Let me just make sure that everyone is clear on this. This defendant was transferred back into state custody on a writ --
> MR. WRIGHT: Yes, sir.
> THE COURT: -- following the August hearing. He'll -- I'm sure he'll receive state credit for the time he was in state custody. He's not going to get both.
> MR. WRIGHT: No, sir.
> THE COURT: He doesn't get both federal and state credit. And this Court would expect that he would be transferred back into state custody at this time to complete his sentence. There will be a detainer placed upon him, and at that point he will serve his federal sentence.
> MR. WRIGHT: Thank you, Judge.
> THE COURT: All right. Thank you.
> Mr. Smith [assistant United States attorney], anything else?
> MR. SMITH: No, Your Honor. Thank you.
> THE COURT: All right. We're running a few minutes late. We'll take just a short recess before we call the next matter.
> (Whereupon, the Revocation Hearing proceedings concluded at 10:10 a.m.)

Doc. 429, p. 60-63.

"A lawyer's failure to appeal when expressly instructed by the client to do so is objectively unreasonable conduct per se under *Strickland* . . . . Further, because depriving a defendant of his right to appeal is presumptively prejudicial, it is irrelevant whether the appeal is likely to succeed." *Hamilton v. United States*, 566 Fed.Appx. 440, 443 n. 2 (6th Cir. 2014) (citations omitted). Consequently, if the record does not contradict the claim, a court generally is

required to hold an evidentiary hearing to resolve the factual dispute regarding whether counsel failed to file a requested appeal. *Id.* at 445 ("Although nothing in the record contradicts Hamilton's assertion in his affidavit that he affirmatively expressed to counsel his desire for an appeal, at oral argument the parties agreed that there is a fact question on this point. Because the resolution of this factual issue is pivotal to Hamilton's claim for relief, the district court should conduct an evidentiary hearing to determine if Hamilton in fact expressed the desire for an appeal as he now asserts."); *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) ("Although nothing in the record contradicts Campbell's assertion that he affirmatively expressed to counsel his desire for an appeal, the government has not conceded the point. Because the resolution of this factual issue is pivotal to Campbell's claim for relief, the district court must conduct an evidentiary hearing to determine if Campbell in fact expressed the desire for an appeal as he now asserts.").

However, this is not the typical claim regarding an attorney's alleged failure to file a requested appeal. Defendant specifically, and solely, claims in his §2255 motion that he requested an appeal on the record, and the Court acknowledged that request. Those allegations are squarely contradicted by the lack of such a request or an acknowledgement by the Court in the transcript of the final revocation hearing (i.e., the record does not support defendant's allegations). Contentions that are contrary to or "wholly incredible" in light of the record are not proper bases for relief. *Blackledge*, 431 U.S. at 74. Therefore, the Court should deny the §2255 motion without holding an evidentiary hearing.

### III. Recommendation

For the foregoing reasons, defendant's 28 U.S.C. §2255 motion (doc. 420) should be

**denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 20th day of September, 2016

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge